Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

GRAHAM LAUGHERY; and all others )
similarly situated, )
                      )
        Plaintiff, )    Case No.:
                      )
          v. )    COMPLAINT
NCO PORTFOLIO MANAGEMENT, )
INC., DANIEL N. GORDON, P.C., )    [FDCPA - CLASS ACTION]
MATTHEW R. AYLWORTH and )
JANE DOE AYLWORTH, husband )
and wife, )
                      )
        Defendants. )
_____ )

      Plaintiff Graham Laughery, suing on his behalf and the behalf of all other

similarly situated, by and through their attorney, Michael D. Kinkley of Michael D.

Kinkley, P.S., alleges the following:

### I. COMPLAINT – CLASS ACTION

1.1.     This is an action for damages and remedies against NCO Portfolio

        Management Inc. (NCO), Daniel N. Gordon, P.C., and Matthew R.

        Aylworth and Jane Doe Aylworth, husband and wife, pursuant to the Fair

COMPLAINT  -1

Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA").

This action is also for damages and remedies against NCO for damages

and remedies pursuant to the State of Washington Collection Agency

Act, RCW 19.16, ("WCAA"); for damages and remedies pursuant to the

Washington State Consumer Protection Act (RCW 19.86 et seq.)

("WCPA").

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, and a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of the court.

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Graham Laughery is a "consumer" as defined by the FDCPA, 15

U.S.C. §1692a(3). He is an individual.

COMPLAINT -2

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.2.   Defendant NCO Portfolio Management, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.3.   Defendant Daniel N. Gordon, P.C., was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.4.   Defendant Matthew R. Aylworth was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.5.   The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6.   All charges defendants alleged that Plaintiff Laughery owed were for personal purposes.

3.7.   Defendant NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.8.   Defendant NCO uses interstate commerce or the mails for the collection of debts.

3.9.   The principle purpose of NCOs business is the collection of debts.

3.10.  Defendant NCO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

COMPLAINT -3

3.11.   Defendant Daniel N. Gordon, P.C., is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.12.   The principle purpose of Daniel N. Gordon, P.C.'s business is the collection of debts.

3.13.   Defendant Daniel N. Gordon, P.C. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.14.   Defendant Matthew R. Aylworth is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.15.   Defendant Matthew R. Aylworth regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.16.   NCO is a "collection agency" as defined by RCW 19.16.100(2).

3.17.   NCO is not licensed as a "collection agency" as required by Washington law.

COMPLAINT  -4

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Graham Laughery was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2.   Defendant NCO is a Corporation, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.3.   NCO is neither a Washington corporation, nor has it qualified to do business in Washington as a foreign corporation.

4.4.   The principle purpose of NCO's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone, and defendant regularly attempts to collect debts alleged to be due another or originally owed to another. Defendant NCO  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.5.   NCO files hundreds or thousands of lawsuits each year in Washington State as "NCO Portfolio Management, Inc, Plaintiff."

COMPLAINT  -5

4.6.   Defendant Matthew R. Aylworth of Daniel N. Gordon, P.C., was the attorney for Defendant NCO in the Spokane Count District Court Lawsuit against Plaintiff Laughery.

4.7.   Defendant Daniel N. Gordon, P.C. approved the form of the state court complaint filed against Plaintiff Laughery and the collection system using that complaint.

4.8.   Defendant Matthew R. Aylworth approved the form of the state court complaint filed against Plaintiff Laughery and the collection system using that complaint.

4.9.   Matthew R. Aylworth is an employee of Daniel N. Gordon, P.C.  All acts done by Matthew R. Aylworth were done on his behalf, on behalf of the Aylworth marital community, on behalf of Daniel N. Gordon, P.C., and on behalf of NCO.

4.10.  All acts done by Daniel N. Gordon, P.C. were done on its own behalf, and on behalf of NCO.

## V. FACTS

5.1.   On January 11, 2008 Defendant NCO, Daniel N. Gordon, P.C., and Matthew R. Aylworth filed a lawsuit against Graham Laughery in

COMPLAINT  -6

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Spokane County District Court in the state of Washington (state court collection lawsuit).

5.2.   Plaintiff Laughery was in default on the alleged debt on or before early spring 2001.

5.3.   The Washington UCC statute of limitations on an Auto Installment Sales Agreement is four years pursuant to RCW 62A.2-725.

5.4.   On July 12, 2001, the title was transferred by the Washington Department of Licensing from Plaintiff Laughery to Ford Motor Credit Corporation following a repossession and sale by Ford Motor Credit Company which is reflected in the Washington Department of Licensing records and shown in a Carfax report.

5.5.   On August 1, 2001, the vehicle was sol at an auto auction by Ford to a dealer which is reflected in the Washington Department of Licensing records and shown in a Carfax report.

5.6.   On September 4, 2001 the dealer transferred the title of the vehicle to a consumer who was not Mr. Laughery.

5.7.   Several more entries in the Washington Department of Licensing records and shown in a Carfax report demonstrate that Mr. Laughery was not the owner of the vehicle for more than four years prior  to the filing of the lawsuit against him by the defendants.

COMPLAINT  -7

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.8.     Defendants alleged in a Complaint filed with Spokane County District court on January 11, 2008, on page 2, in paragraph 5, that the date of default on the loan was "December 9, 2006".

5.9.     Defendants alleged in the Complaint filed with Spokane County District court on January 11, 2008, on page 2, in paragraph 5, that the amount due from Mr. Laughery was $5,272.84.

5.10.    The $5,272.84 alleged in the Complaint filed with Spokane County District court on January 11, 2008 in paragraph 5, on page 2 included some amount for interest that had accrued prior to December 9, 2006.

5.11.    The date "December 9, 2006" (inserted in the Complaint filed with Spokane County District Court on January 11, 2008 in paragraph 5, on page 2) was inserted to make it appear that collection of the debt was not time barred by the statute of limitations.

5.12.    The State Court collection lawsuit was an attempt to collect an alleged an Auto Installment Sales Agreement debt.

5.13.    The State Court collection lawsuit was an attempt to collect a debt that was time barred by the statute of limitations.

5.14.    The state court complaint alleges an amount in excess of any amount that Plaintiff Laughery owed even if the claim were not time barred.

COMPLAINT -8

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.15.   On Approximately January 12, 2007 Mr. Laughery sent a dispute and demand for verification pursuant to a5 USC 1692g to Daniel N. Gordon and NCO Financial Systems addressed to Daniel N. Gordon /NCO at the address for the Daniel Gordon law firm.

5.16.   On October 2, 2007, Cheri Cox, Legal Assistant on behalf of Daniel N. Gordon P.C. sent a letter in response to the dispute and demand for verification that indicated that the One page attached copy (of a "Washington Simple Interest Vehicle Retail Installment Contract" between "Graham S. Laughery" and "Scarf Motors, Inc." dated "08/03/99") "comprises all information available from our client at this time".

5.17.   The October 2, 2007 letter demanded "full payment on this account immediately " …of  "5,787.70"

5.18.   The October 2, 2007 letter did not identify the amount of the debt as distinguished from interest, late fees, collection costs, attorney fees, repossession charges.

5.19.   The "5,787.70" demanded in the October 2, 2007 letter included amount greater than the principle balance of the loan.

5.20.   Defendant's demanded a reasonable attorney fee in the complaint filed in the state court.

COMPLAINT  -9

5.21.   The Vehicle Retail Installment Contract attached to the October 2, 2001 letter did not have an attorney fee provision allowing the Plaintiff in the sate court action an attorney fee.

5.22.   No basis existed in law or contract for a demand for a reasonable attorney fee.

5.23.   NCO is neither a Washington Corporation nor qualified to0 do business in Washington.

5.24.   NCO is doing business in Washington including but not limited to the solicitation of debts originated in Washington in default to collect or to collect after purchasing the debt.

5.25.   NCO is not licensed as a "collection agency" as required by Washington law.

## VI. DEFENDANTS PRACTICES

6.1    Defendant NCO uses computer technology to collect or attempt to collect debts.

6.2    Defendant Daniel N. Gordon, P.C. uses computer technology to collect or attempt to collect debts.

6.3    Defendant NCO uses a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

COMPLAINT  -10

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.4     Defendant Daniel N. Gordon, P.C., uses a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

6.5     Defendant NCO collected or attempted to collect time barred debts in excess of the amount owed using false affidavits for default and or Summary Judgment in state court.

6.6     Defendant Daniel N. Gordon, P.C. collected or attempted to collect time barred debts in excess of the amount owed using false affidavits for default and or Summary Judgment in state court.

6.7     Defendant NCO has standardized procedures and used standardized forms to collect debts.

6.8     Defendant Daniel N. Gordon, P.C., has standardized procedures and used standardized forms to collect debts.

6.9     The state court complaint was created using a standardized form or template.

6.10    The template which was used to create state court complaint is part of the computer program or database used by NCO as a collection system.

6.11    The template which was used to create state court complaint is part of the computer program or database used by Daniel N. Gordon, P.C., as a collection system.

COMPLAINT  -11

6.12  The state court complaint was created by merging data information from the collection database into the standardized template.

6.13  During 2004, Defendants NCO, Daniel N. Gordon, P.C., and Aylworth sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.14  During 2005, Defendants NCO, Daniel N. Gordon, P.C., and Aylworth sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.15  During 2006, Defendants NCO, Daniel N. Gordon, P.C., and Aylworth sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.16  During 2007, Defendants NCO, Daniel N. Gordon, P.C., and Aylworth sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.17  During 2008, Defendants NCO, Daniel N. Gordon, P.C., and Aylworth sued or threatened to sue more than 200 debtors in the State of Washington on time barred debts.

6.18  Defendant Defendants NCO, Daniel N. Gordon, P.C., and Aylworth make other collection efforts following the filing off the complaint against debtors in the State of Washington.

COMPLAINT -12

VII. CLASS ALLEGATIONS

7.1   This action is brought on behalf of a class consisting of:

(i)    all persons in the state of Washington;

(ii)   to whom a letter threatening a lawsuit was sent or against whom a lawsuit was filed, or served;

(iii)  in an attempt to collect a time barred debt, that is a debt incurred for personal, family, or household purposes;

(iv)   The class period for the FDCPA claims is one year prior to the date of filing this action. The class period for the WCPA and WCAA is the four-year period prior to the date of the filing of this Complaint.

7.2   The class is sufficiently numerous that joinder of all members is impractical. This assertion is based upon the fact that defendant mailed hundreds of collection letters to consumers in the State of Washington threatening a lawsuit on a time barred debt and filed hundreds of law suits in an attempt to collect a time barred debt. There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members. The principal issues include whether defendants violated the FDCPA , WCAA, and the WCPA by:

COMPLAINT -13

a.   Attempting to collect an amount in excess of that allowed by law or contract;

b.   Using false representations or deceptive means to collect or attempt to collect a debt;

c.   Threatening action that could not legally be taken;

d.   Whether defendant added to the balance of the face value of the alleged an additional sum of money as a collection cost;

e.   Whether Washington law allows the addition of such fees and/or costs;

f.   Whether defendants were collecting in an amount in excess of that allowed by law.

g.   Whether defendants violated the FDCPA by bringing a time barred lawsuit.

h.   Whether defendants violated the WCAA and WCPA by operating as a "collection agency" without a license

i.   Whether defendants violated the FDCPA, WCAA, WCPA and other Washington State law by suing without being a valid Washington Corporation or Qualified Foreign Corporation.

j.   Whether defendant NCO violated the WCAA by failing to be licensed as a debt collector.

COMPLAINT -14

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

7.3    There are no individual questions, other than issues which can be determined by a ministerial inspection of defendants' records. There are no individual questions peculiar to individual class members.

7.4    Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.5    Plaintiffs will fairly and adequately represent the interest of the class members.  They are committed to vigorously litigating this matter. Plaintiffs have retained counsel experienced in prosecuting class actions and claims involving unlawful collection matters. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

7.6    A class action is a superior method for the fair and efficient adjudication of this controversy.

7.7    Class wide damages are essential to induce defendants to comply with the law.

7.8    The interest of the class members in individually controlling the presentation of separate claims against the defendants is small because the maximum statutory damages in an individual FDCPA action are $1000.00.

COMPLAINT  -15

7.9    Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

7.10    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

## VIII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

8.1    The debt collector Defendants, through their own acts, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiffs.

8.2    The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA..

8.3    The Defendants have threatened to take action that cannot legally be taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other provisions of the FDCPA..

COMPLAINT -16

8.4    The debt collector defendants made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

8.5    Defendants misrepresented that a reasonable attorney fee was due from the consumer.

8.6    Defendants misrepresented the date of default of the loan.

8.7    Defendants misrepresented the amount due.

8.8    Defendants misrepresented the amount due for interest and the amount due for principal and failed to disclose that any amounts claimed were due for any reason other than principle or interest including but not limited to late fee, repossession costs, etc.

8.9    Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f (1).

8.10   Defendants have collected or attempted to collect collection charges, interest and attorney fees in excess of the collection charges, interest and attorney fees in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA..

8.11   The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by

COMPLAINT -17

law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA..

8.12   Defendant violated 15 USC 1692g by failing to properly verify the alleged debt and/or taking collection action without verifying or adequately addressing the dispute made by the consumer.

8.13   The Defendants violation of the FDCPA has caused actual Damages to the Plaintiffs and members of the class.

## IX. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

9.1    Defendant NCO is a "collection agency" as defined by RCW 19.16.100(2).

9.2    Defendant NCO uses computer collection software to collect debts.

9.3    The policy, procedures, practices and computer collecting software used by NCO result in the creation and mailing of certain writings and the creation of information to base a lawsuit in a certain order.

9.4    Defendant NCO and its defendant employees are in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

9.5    NCO is not properly licensed as a collection agency as required by the WCAA and the Washington State Department of Licensing.

COMPLAINT -18

9.6    NCO is collecting debts without a license in violation of the WCAA.

9.7    NCO is filing lawsuits without being a valid Washington corporation.

9.8    NCO is filing lawsuits without being a Qualified Foreign Incorporation.

9.9    NCO violated RCW 19.16.250(8) by failing to Give or send to any

debtor or cause to be given or sent to any debtor, any notice, letter,

message, or form which represents or implies that a claim exists unless it

shall indicate in clear and legible type:

9.9.1    (a) The name of the licensee and the city, street, and number at

which he is licensed to do business;

9.9.2    (b) The name of the original creditor to whom the debtor owed the

claim if such name is known to the licensee or employee:

PROVIDED, That upon written request of the debtor, the licensee

shall make a reasonable effort to obtain the name of such person

and provide this name to the debtor;

9.9.3    (c) If the notice, letter, message, or form is the first notice to the

debtor or if the licensee is attempting to collect a different amount

than indicated in his or its first notice to the debtor, an itemization

of the claim asserted must be made including:

9.9.3.1    (i) Amount owing on the original obligation at the time it was

received by the licensee for collection or by assignment;

COMPLAINT -19

9.9.3.2    (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

9.9.3.3    (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

9.9.3.4    (iv) Collection costs, if any, that the licensee is attempting to collect;

9.9.3.5    (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor;

9.9.3.6    (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor.

COMPLAINT -20

## X. VIOLATION OF THE
## CONSUMER PROTECTION ACT

10.1    Defendant NCO violated the Washington Consumer Protection Act (WCPA).

10.2    Defendant NCO's  Violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

10.3    Defendant NCO's  violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce.

10.4    Defendant NCO's  violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

10.5    Defendant NCO has violated the WCCA including but not limited to the prohibited practices section (RCW 19.16.250).

10.6    Defendant NCO has violated the WCCA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

COMPLAINT  -21

10.7   Defendant NCO has violated the Washington Administrative Code governing the actions of collection agencies.

10.8   The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

10.9   The Consumer Protection Act of the State of Washington requires that all collection  agencies, their agents, and debt collectors abstain from unfair or deceptive practices or acts and unfair methods of competition.

10.10  Defendant NCO, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices,  and unfair methods of competition that have caused injury to the plaintiffs.

10.11  Defendant NCO has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

10.12  Defendant NCO has is in the business of debt collection in trade or commerce.

10.13  Unlawful and Unfair Debt Collections is against public interest.

10.14  Defendant NCO's actions were the direct cause of injury to plaintiff's property.

COMPLAINT -22

10.15   The violations have harmed and unless enjoined will continue to harm

the public interest by causing Plaintiffs and other similarly situated to

pay collection charges that are unfair deceptive, unlawful, and an unfair

method of competition.

## XI. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

11.1    Actual damages;

11.2    Statutory damages pursuant to the FDCPA, 15 U.S.C.  § 1692k(a)(2).

11.3    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C.

§1692k(a)(3);

11.4    Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

11.5    Treble damages pursuant to the Washington Consumer Protection Act,

RCW 19.86;

11.6    Declaratory Judgment that defendants' practices violate the Fair Debt

Collection Practices Act and/or the Washington Consumer Protection

Act; and/or the Washington Collection Agency Act.

11.7    Disgorgement of all money collected by defendants from members of the

class;

COMPLAINT  -23

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

11.8    Disgorgement pursuant to RCW 19.16.450 of all interest, service charges, attorneys' fees, collection costs, delinquency charge or any other fees or charges otherwise legally chargeable to the debtor on such claim, collected by defendants from members of the class;

11.9    Injunction prohibiting defendants from attempting to collect collection fees, interest, attorney fees, and other charges unless allowed by law.

11.10   Injunction prohibiting defendants from attempting to collect time barred debt by threatening or instituting litigation.

11.11   For such other and further relief as may be just and proper.


DATED this 9th day of January, 2009.


*Michael D. Kinkley P.S.*


/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff

COMPLAINT -24